## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NOBLE AMUN HONDO EL,**
**ex. rel. Marion Herring,**

        **Petitioner,**

v.                                          Civil Action No.  1:10cv134
                                                      (Judge Keeley)

**JUDGE MAZZONE, PROSECUTOR**
**S. TURAK AND OHIO COUNTY**
**COURTHOUSE**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2241 habeas corpus action on August 30, 2010.  In the petition, the petitioner challenges the legality of his confinement.  Specifically, he asserts that the State of Ohio issued a capias for the Sheriff of Cuyahoga County, or a local police department within the State of Ohio, to arrest him.  The petitioner contends, however, that he was actually arrested by law enforcement in the State of West Virginia, Ohio County.  Thus, the petitioner asserts that he is being illegally detained for the following reasons:

    (1) State of West Virginia law enforcement did not have the authority to arrest him;

    (2) the State of West Virginia lacks the authority to detain him; and

    (3) he is not a citizen of this country and therefore not subject to its laws.

The petitioner concedes that he has begun proceedings in the Court of Common Pleas of Cuyahoga County and in the Circuit Court of Ohio County, West Virginia, which challenge the lawfulness of his arrest and detention.  He notes, however, that he has yet to receive a disposition

in those cases. Thus, the petitioner requests this court release him from confinement.

A review of the record shows that were this Court to review the merits of the claims made in the instant habeas petition, the Court would necessarily have to decide whether the petitioner's arrest was illegal or unconstitutional. Any decision on the merits of the petitioner's federal habeas claims would therefore directly affect the legality of his pending state criminal charges. Such a decision, however, is barred by the abstention doctrine and the principles of exhaustion and comity. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted). Absent extraordinary circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 243 (4th Cir. 2006) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Here, there is a pending state court action implicating vital state interests. Moreover, the petitioner has ample opportunity to pursue his claims in state court. In fact, he concedes that he is currently pursuing such remedies, but that he has simply not yet received any disposition in those proceedings. Thus, the undersigned recommends that the petitioner's federal habeas corpus petition [Dckt. 1] be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and

Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 16, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE