```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NOBLE AMUN HONDO EL,**
**ex rel. Marion Herring,**

      Petitioner,

**v.**                                         **CIVIL NO. 1:10CV134**
                                                    (Judge Keeley)

**JUDGE MAZZONE,**
**PROSECUTOR S. TURAK, and**
**OHIO COUNTY COURTHOUSE,**

      Respondents.

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 7) AND**
**DISMISSING 28 U.S.C. § 2241 PETITION WITH PREJUDICE**

Pending before the Court is the pro se petition filed by Marion Herring ("Herring"), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States Magistrate Judge John S. Kaull filed a Report and Recommendation ("R&R") on September 16, 2010 and Herring objected on September 22, 2010. For the reasons that follow, the Court adopts the R&R and dismisses this petition.

**I. HERRING'S PETITION**

At its core, Herring's petition asserts that he was arrested and is being illegally held in connection with state criminal charges pending in Ohio County, West Virginia. He alleges that the underlying criminal case is unresolved. In connection with these

factual allegations, Herring cites numerous irrelevant statutes, cases and historical documents, which the Court need not address.

## II. REPORT AND RECOMMENDATION

In the R&R, Magistrate Judge Kaull concluded that this petition is barred because it seeks to interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal interference in such cases is inappropriate in all but the most extraordinary circumstances, and especially where, as here, the petitioner has adequate alternative means of challenging his criminal case on constitutional grounds. Nivens v. Gilchrist, 444 F.3d 237, 243 (4th Cir. 2006).

## III. HERRING'S OBJECTIONS

Herring attaches and references documents, statutes and cases that have no applicability to this case. His pleadings generally reflect the illegitimate "Sovereign Citizen" movement that denies the valid existence of the United States and of its members as American citizens. See Federal Bureau of Investigation, Press Release, Domestic Terrorism: The Sovereign Citizen Movement (April 13, \2010)(available at www.fbi.gov/news/stories/2010/april/sovereigncitizens_041310).

**HERRING v. MAZZONE, et al.**                                   **1:10CV134**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING 28 U.S.C. § 2241 PETITION WITH PREJUDICE**

## IV. ANALYSIS

In its review of a report and recommendation issued pursuant to 28 U.S.C. § 636, the Court "is required to review de novo only those portions of the report to which specific and timely objections have been made." Roach v. Gates, No. 10-1569, 2011 WL 915958, *1 (4th Cir. Mar. 17, 2011)(unpublished)(citing Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982)). Herring raises no discernable objection based in law or fact to the conclusions of the Magistrate Judge, and the Court has been able to discern no error in the R&R.

> [A] federal court may disregard Younger's mandate only where (1) "there is a showing of bad faith or harassment by state officials responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances" exist that present a threat of immediate and irreparable injury.

See Nivens, 444 F.3d at 241 (quoting Kugler v. Helfant, 421 U.S. 117 (1975)). Nothing of the sort recognized in Kugler is pled here.

## CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R (dkt. 7) and **DISMISSES** this petition **WITH PREJUDICE.**

It is so **ORDERED.**

3

**HERRING v. MAZZONE, et al.**                                   1:10CV134

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING 28 U.S.C. § 2241 PETITION WITH PREJUDICE**

The Court directs the Clerk to prepare a separate judgment order and to transmit copies of both orders to the pro se petitioner via certified mail, return receipt requested.

DATED: July 28, 2011.

>                    /s/ Irene M. Keeley
>                    IRENE M. KEELEY
>                    UNITED STATES DISTRICT JUDGE